IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No. 3:23-CR-7-TAV-JEM |
| JOHN DUSTY BEST, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case are referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. The parties appeared before the undersigned on March 22, 2023, for a scheduled pretrial conference and telephonic motion hearing on Defendant's Motion to Continue Trial Date and All Associated Deadlines [Doc. 21]. Assistant United States Attorney Jennifer Kolman appeared by telephone on behalf of the Government. Attorney David M. Eldridge appeared telephonically, representing Defendant John Best. Defendant was excused from this hearing.

Defendant asks to continue the April 11, 2023 trial date and all pretrial deadlines to allow time for defense counsel to complete review of the voluminous discovery and to confer with Defendant, who is detained in Laurel County, Kentucky. Defendant observes the amount and nature of discovery, which includes information from a medical expert, requires more time to review discovery, consult with a medical expert for the defense, prepare and file pretrial motions, and prepare the case for trial. Additionally, defense counsel is involved in a complicated criminal trial involving medical professionals, which begins on May 9, 2023, in Kentucky, and is expected to take eight weeks. Counsel's involvement in trial preparations for the Kentucky case makes it impossible for him to be prepared for trial in this case on April 11, 2023.

In the telephonic hearing, Mr. Eldridge said he discussed the motion to continue with Defendant, who is aware of the reasons for the motion. AUSA Kolman stated the Government has no objection to the requested continuance. The parties agreed to a new trial date of August 15, 2023. The Court set a new motion deadline of April 21, 2023, and a response deadline of May 5, 2023.

The Court finds Defendant's motion to continue the trial is unopposed by the Government and well taken. It also finds that the ends of justice served by granting a continuance outweigh the interest of Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defendant needs time for counsel to complete his review of discovery, confer with Defendant, and prepare pretrial motions and for trial. Defense counsel is involved in an eight-week trial in Kentucky beginning May 9 and will have limited ability to work on Defendant Best's case during this time. Accordingly, the Court finds that without a trial continuance, Defendant would be unreasonably denied the continuity of counsel, and defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant's motion to continue the time for trial [**Doc. 21**] is **GRANTED**, and the trial of this case is reset to **August 15, 2023**. The Court finds all the time between the filing of the motion to continue on March 2, 2023, and the new trial date of August 15, 2023, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(h)(7)(A)–(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to Continue Trial Date and All Associated Deadlines [**Doc. 21**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **August 15, 2023**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion to continue on **March 2, 2023**, and the new trial date of **August 15, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **April 21, 2023**, responses to motions shall be filed on or before **May 5, 2023**, and the Court will contact the parties to schedule a motion hearing, if needed;

(5) the new deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 14, 2023**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **July 19, 2023, at 10:00 a.m.**;

(7) the deadline for filing motions *in limine* is **July 31, 2023**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **August 4, 2023.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge