IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CR-7-TAV-JEM |
| | ) | |
| JOHN DUSTY BEST, | ) | |
| | ) | |
| Defendant, | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

On February 1, 2023, the Grand Jury returned an Indictment charging Defendant with attempted child enticement from May 2021 to October 30, 2021, in violation of 18 U.S.C. § 2422(b) ("Count One"), and the assimilated crime of aggravated statutory rape allegedly occurring on October 30, 2021, at a United States Post Office facility, in violation of 18 U.S.C. §§ 7(3) and 13 and Tennessee Code Annotated § 39-13-506(c) ("Count Two") [Doc. 8].

Now before the Court is Defendant's Motion for Bill of Particulars [Doc. 39] and supporting memorandum [Doc. 40]. The Government filed a response in opposition [Doc. 42]. For the reasons set forth below, the Court **DENIES** Defendant's motion [**Doc. 39**].

**I.    BACKGROUND**

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution, Defendant moves the Court to direct the

Government to file a bill of particulars with respect to Count One[1] [Doc. 39]. In support of the motion, Defendant asserts that the "complexity and vagueness of Count One" does not provide him with sufficient notice as required by the Sixth Amendment [*Id.* at 1]. He claims he cannot adequately prepare for trial without the danger of surprise [*id.* at 1–2], and he needs the bill of particulars to understand the nature of the charge against him and to enable him to plead double jeopardy, if necessary, in the future [Doc. 40 p. 1]. Defendant asserts that Count One contains "vague language" and an "expansive timeline of alleged conduct" that occurred "nearly two years" ago [*Id.* at 2–3]. Defendant also asserts that the conduct is based on "the allegations of a troubled teen" [*Id.* at 3]. He attaches to his motion a list of individual deficiencies that asserts the Government should particularize:

1. Identify what acts Mr. Best allegedly engaged in that amounted to "knowingly attempt[ing] to persuade, induce, and entice" the alleged victim.

2. Identify when each alleged act of persuasion, inducement, or enticement occurred within the stated date range of May 2021 and October 30, 2021.

3. Explain how Mr. Best allegedly used a facility or means of interstate and foreign commerce to knowingly attempt to persuade, induce, and entice the alleged minor victim to engage in sexual activity pursuant to Tenn. Code Ann. § 39-13-506(c), in violation of 18 U.S.C. § 2422(b).

4. Identify when each instance of Mr. Best allegedly using a facility or means of interstate and foreign commerce occurred within the stated date range of May 2021 and October 30, 2021.

[Doc. 39-1; Doc. 40-1].

The Government opposes the motion [Doc. 42]. It asserts that the motion is untimely and should summarily be denied [*Id.* at 1]. But even if the Court permits the motion, the Government asserts that Defendant is not entitled to a bill of particulars because Count One "is neither complex

---

[1] Defendant does not seek a bill of particulars with respect to Count Two.

nor voluminous" [*Id.* at 2–3]. And, it argues, a bill of particulars is not to be used as a discovery tool to "obtain detailed disclosure of all the evidence held by the United States before trial, or to discover all the overt acts that might be proven at trial" [*Id.* at 3 (citing *United States v. Phibbs*, 999 F.2d 1053, 1086 (6th Cir. 1993)]. The Government also notes that it has provided Defendant "with early Jen[c]ks material to include three different interviews and a written statement of the victim who explains the many ways the defendant attempted to and did entice the victim to participate in being statutorily raped by the defendant" [*Id.*].

Defendant did not reply, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1.

## II. ANALYSIS[2]

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted); *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "fully, directly, and expressly." *Hamling*, 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)); *Landham*, 251 F.3d at 1079.

---

[2] While the filing of the motion for a bill of particulars was beyond the deadline contemplated by Rule 7(f), Rule 7(f) also provides the Court with discretion to modify the deadline. Fed. R. Crim. P. 7(f) ("A motion for bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit."). In this case, "[a]ll motions, except for Motions in Limine, [were to] be filed . . . no later than [April 21], 2023" [Doc. 12 p. 4; Doc. 27 p. 3]. The Government did not oppose Defendant's motion to extend the deadline for pretrial motions to May 1, 2023 [Doc. 34 ¶ 7; Doc. 42 p. 1]. Defendant timely filed his motion on that date.

3

The statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117–18 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)); *Landham*, 251 F.3d at 1079. "Courts utilize a common sense construction in determining whether an indictment sufficiently informs a defendant of an offense." *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000) (quoting *Allen v. United States*, 867 F.2d 969, 971 (6th Cir. 1989)).

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars" and that "[t]he government may amend a bill of particulars subject to such conditions as justice requires." "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted). "It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Id.* (citations omitted). The granting of a bill of particulars is within the Court's discretion. *See id.* (citation omitted). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. *Id.* In addition, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." *United States v. Higdon*, 68 F. Supp. 3d 807, 811 (E.D. Tenn. 2014) (quoting *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other grounds by statute*, *United States v. Caseslorente*, 220 F.3d 727 (6th Cir. 2000)).

Here, the Indictment charges attempted enticement in violation of 18 U.S.C. § 2422(b):

> The Grand Jury charges that from on or about May of 2021, to on or about October 30, 2021, within the Eastern District of Tennessee, defendant **JOHN DUSTY BEST**, using a facility or means of interstate and foreign commerce, did knowingly attempt to persuade, induce, and entice an

4

> individual who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, to wit, Tennessee Code Annotated Section 39-13-506(c) (Aggravated Statutory Rape), which prohibits the unlawful sexual penetration of a victim by the defendant, or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least ten (10) years older than the victim[.]

[Doc. 8 p. 1].

Defendant requests the Government to particularize the acts he allegedly engaged in to entice the alleged victim, and when those acts occurred, as well as how he used a facility or means of interstate and foreign commerce to entice the alleged minor to engage in sexual activity, and when he did so [Doc. 39-1; Doc. 40-1]. The Government asserts that it has provided Defendant with early Jencks material, which includes three different interviews and a written statement of the alleged victim that "explains the many ways the defendant attempted to and did entice the victim to participate in being statutorily raped by the defendant" [Doc. 42 p. 3]. Moreover, the Criminal Complaint and supporting affidavit, which preceded the Indictment, provide factual detail in support of Count One. Additional factual details were provided during the two detention hearings in this case [*See* Docs. 14 & 31]. All of this has sufficiently provided notice to Defendant of the charge in Count One so that he may craft a defense, avoid surprise, and plead a bar to a future double jeopardy violation. *See United States v. Switzer*, No. 21-20104, 2021 WL 4522309, at *4–5 (E.D. Mich. Oct. 4, 2021) (denying motion for bill of particulars under similar circumstances); *see also United States v. Martin*, No. 86–1663, 1987 WL 38036, at *3 (6th Cir. July 14, 1987) ("If there has been full disclosure by the Government, . . . the need for a bill of particulars is obviated." (citation omitted)). A bill of particulars is therefore not warranted.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's Motion for Bill of Particulars [**Doc. 39**].

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge

6